IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

        v.                                        25-CV-

The sum of approximately $12,915 United States Currency;
One Rolex President Day-Date diamond wristwatch;
One gold Cuban link diamond chain; and
One pair gold diamond stud earrings;

                Defendants *in rem*.
_____

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by and through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, and Mary Clare Kane, Assistant United States Attorney, of counsel for its Verified Complaint for Forfeiture herein alleges as follows:

### CAUSE OF ACTION

1. This is an action *in rem* pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture for the sum of approximately $12,915 in United States currency (hereinafter the "Defendant Currency"); One Rolex President Day-Date diamond wristwatch; One gold Cuban link diamond chain; and One pair gold diamond stud earrings (hereinafter the "Defendant Jewelry") (hereinafter all collectively referred to as "Defendant Property") seized in Buffalo, New York in the Western District of New York.

1

2. This Court has subject matter jurisdiction of this action pursuant to the provisions of Title 28, United States Code, Sections 1345 and 1355(a), and *in rem* jurisdiction pursuant to Title 28, United States Code, Sections 1355(b). Venue is properly premised in the Western District of New York pursuant to Title 28, United Sates Code, Section 1395 and Title 21, United Sates Code, Section 881(j).

## SUMMARY

3. On or about July 8, 2025, Homeland Security Investigations (HSI) Buffalo, Homeland Security Taskforce (hereinafter referred to as "HSTF") executed New York State (NYS) search warrants at an unlicensed marijuana dispensary/smoke shop located at 2043 Genesee Street, Buffalo, NY as well as at 186 Palmer Avenue, Upper, Tonawanda, NY. The Defendant Property was seized as a result of the execution of the New York State (NYS) search warrants.

4. The Defendant Property was seized on the basis that it was furnished or intended to be furnished, in exchange for controlled substances, and as proceeds traceable to exchanges of controlled substances, and had otherwise been used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq.*

5. The Defendant Property is in the custody of the United States Customs and Border Protection ("CBP") in the Western District of New York.

## BASIS FOR FORFEITURE

6. On or about April 22, 2025, a detective of the Niagara Frontier Transportation Authority (NFTA) assigned to the HSTF received information that two individuals were

traveling with controlled substances on a Southwest Airlines flight from Los Angeles, California International Airport (LAX) to Buffalo Niagara International Airport (BNIA).

7. At approximately 6:25 p.m., after the arrival of the Southwest Airlines flight at BNIA, a NFTA Canine ("K9") Officer and his narcotics detection trained dog, Zev, conducted an open-air sniff of the flight's checked luggage.

8. Zev positively alerted on luggage belonging to L.M.[1] and another individual.

9. Thereafter, the subject luggage associated with L.M. and the other individual was placed on Baggage Belt Number 1 in BNIA's arrivals area.

10. Law enforcement officers monitored the individuals collecting luggage at the Baggage Belt 1 area.

11. Law enforcement officers saw L.M. take physical custody of the subject luggage.

12. Thereafter, the law enforcement officers stopped L.M. and interviewed L.M.

13. L.M. stated, in sum and substance, that he/she traveled to California, purchased cannabis/marijuana and transported the marijuana to Buffalo, NY *via* the Southwest Airlines flight from Los Angeles, California.

14. L.M. claimed the marijuana was for personal use as well as to sell to local customers.

15. Law enforcement searched all the luggage associated with L.M. and the other individual with consent.

16. The suitcases contained one large, vacuum sealed bag that contained additional bags of a green, leaflike substance.

---

[1] L.M.'s name is redacted for purposes of this filing.

17. Based on training and experience, and odor emanating from the bags, law enforcement officers recognized the green, leaflike substance as cannabis/marijuana, a Schedule I controlled substance.

18. A total of forty-three (43) vacuum sealed bags were recovered from the subject luggage, each containing a green, leaflike substance and weighing approximately one pound each.

19. Based on training and experience of law enforcement officers, the amount of marijuana/cannabis found in the luggage is consistent with distribution, and not personal use.

20. A field test was conducted on the green, leaflike substance and was positive for marijuana, a Schedule I controlled substance.

21. Additionally, $10,550.00 in United States currency[2] was seized from L.M.'s person along with two cellular telephones.

22. Thereafter, law enforcement obtained a NYS search warrant granting permission to search the two cellular telephones.

23. A subsequent search of the cellular telephones' content by law enforcement led to discovery of call content which, based on their training and experience, law enforcement determined was related to the possession and distribution of controlled substances.

24. NFTA's investigation led to them to the location of an unlicensed dispensary/smoke shop located at 2043 Genesse Street, Buffalo, NY.

25. The investigation further revealed that RAWZA EXOTICS LLC (a name associated with the unlicensed dispensary/smoke shop at 2043 Genesee Street, Buffalo, NY) was associated with JASON LOVE (hereinafter "LOVE").

---

[2] This currency is <u>not</u> the subject of this complaint.

26. Through surveillance and other investigative techniques, law enforcement determined that LOVE exercised dominion and control over the unlicensed dispensary/smoke shop at 2043 Genesse Street, Buffalo, NY.

27. It is illegal at the federal level to knowingly manufacture, distribute, or dispense many forms of the cannabis/marijuana plant because although the legality of marijuana varies from state-to-state, marijuana is currently classified as a Schedule I substance under the federal law, to wit, the Controlled Substances Act (21 U.S.C. § 812), and thus, it is illegal to distribute marijuana under federal law.

28. During the investigation, LOVE was also observed by law enforcement driving a white 2015 GMC Yukon bearing New York registration KVB9406, VIN Number IGKS2CKJ9FR147145 registered to GLOBAL LENDING SERVICES (hereinafter referred to as "Yukon 9406").

29. LOVE was observed driving the Yukon9406 to and from the location of the Rawza Exotics dispensary/smoke shop and to and from 186 Palmer Avenue, Tonawanda, New York.

30. During their investigation, through investigative techniques, HSTF learned that the proceeds from the sale of the marijuana at the unlicensed dispensary/smoke shop are stored at 186 Palmer Avenue, Upper, Tonawanda, New York, an address associated with LOVE.

31. On July 2, 2025, NFTA applied for and received NYS search warrants for the unlicensed dispensary/smoke shop at 2043 Genesse Street in Buffalo (Rawza Exotics) as well as 186 Palmer Avenue, Upper, Tonawanda, New York.

**Search of Rawza Exotics, 2043 Genesse Street, Buffalo, NY**

32. On or about July 8, 2025, HSTF executed a NYS search warrant at Rawza Exotics, the unlicensed dispensary/smoke shop at 2043 Genesee Street, Buffalo, NY.

33. The following items were seized:

   a. 465.5 grams of prepacked marijuana;
   b. Approximately $105.00 in U.S. currency (a portion of the Defendant Currency);
   c. Miscellaneous documents, papers and ledgers;
   d. Three scales with suspected marijuana residue; and
   e. 1,858 grams of marijuana (an amount consistent with distribution).

34. The $105.00 of the Defendant Currency seized at this location was discovered in plastic bins along with pre-packaged marijuana products as depicted in the photos below.




35. The plastic bins were in a room separated from the main area of the smoke shop by a wall with a built-in window for servicing and communicating with customers.

**Search of 186 Palmer Avenue (Upper), Tonawanda, NY**

36. On or about July 8, 2025, a NYS search warrant was executed at 186 Palmer Avenue, Upper, Tonawanda, NY by HSTF, NFTA police and the Kenmore Police Department.

37. The following items were seized:

    a. $9,480 in U.S. currency (a portion of the Defendant Currency");
    b. 1.27 kilograms of marijuana (an amount consistent with distribution);
    c. 15.1 grams of prepackaged marijuana products; and
    d. 19 grams of prepackaged marijuana products.

38. The above referenced marijuana was discovered contained in plastic bins behind clothes in a closet near the front door of the residence.

39. The $9,480 of the Defendant Currency seized at 186 Palmer Avenue, Upper, Tonawanda, NY was discovered concealed underneath the bottom drawer of a hallway pantry located toward the rear of the residence as depicted in the photos below (with drawers having been previously removed prior to the photos being taken).




7

38. Based upon training and experience of the law enforcement officers involved, cash is the almost exclusive medium of exchange for narcotics traffickers. Further, the abundance of twenty-dollar bills (here, 387 in twenty-dollar bills) is significant because small denominations (such as twenty-dollar bills) are more commonly used than other denominations in street level drug trafficking as well as for hand-to-hand exchanges for marijuana at unlicensed cannabis dispensaries/smoke shops.

40. The breakdown of the $9,480 of the Defendant Currency is as follows:

| **Denomination** | **Number of Bills** | **Value of Bills** |
| --- | --- | --- |
| $100 | 5 | $500 |
| $50 | 17 | $850 |
| $20 | 387 | $7,740 |
| $10 | 34 | $340 |
| $5 | 10 | $50 |

### Vehicle Stop of the GMC Yukon

41. On or about July 8, 2025, while the above-referenced NYS search warrants were being executed, NFTA police conducted a vehicle stop of Yukon 9406[3] in the vicinity of Elmwood Avenue and Grote Street in Buffalo, NY.

42. LOVE was driving Yukon9406 and was later placed under arrest.

43. After LOVE's arrest, and while he was at a police station, $3,300 (a portion of the Defendant Currency) and the Defendant Jewelry were recovered from his person.

44. Based upon training and experience of the law enforcement officers involved, cash is the almost exclusive medium of exchange for street level narcotics traffickers. Further,

---

[3] This vehicle was seized but is <u>not</u> the subject of this complaint.

the abundance of twenty-dollar bills is significant because small denominations (such as twenty-dollar bills) are more commonly used than other denominations in street level drug trafficking as well as for hand-to-hand exchanges for marijuana at cannabis dispensaries/smoke shops.

45. The breakdown of the $3,300 of the Defendant Currency is as follows:

| Denomination | Number of Bills | Value of Bills |
| --- | --- | --- |
| $100 | 13 | $1,300 |
| $50 | 4 | $200 |
| $20 | 86 | $1,720 |
| $10 | 11 | $110 |

46. The Defendant Jewelry was also seized on July 8, 2025, on the basis that it constitutes proceeds traceable to such an exchange of controlled substances or is derived from proceeds traceable to the sale of a controlled substances, namely marijuana, and is more particularly described as:

   a. One gentleman's 18k stamped yellow gold Rolex President Day-Date diamond wristwatch with gold dial and Roman numerals including the diamonds collectively weigh approximately 27.56 carats and display clarity ranging from S12-I11 and color ranging from H-J. The model number is model #1803 and the serial number is #2203039.

   b. One 14k stamped bright polished bright yellow gold Cuban link diamond chain. The diamonds collectively weigh approximately 78.52 carats, and several are missing from the piece due to wear. The diamonds display clarity ranging from S11-I1 and color ranging from H-J. The piece was X-rayed and determined to be composed of 14k gold. Total gram weight of the piece is 622.3 grams.

   c. One pair of 14k stamped bright yellow gold diamond stud earrings. Each earring contains one round brilliant cut diamond set by four prongs into the

9

mounting. The earrings are equipped with one 18k stamped bright polished white gold friction earring backing and one 14k stamped bright polished yellow gold friction earring backing. The diamonds collectively weigh approximately 3.25 carats for the pair and display clarity of S12-I1 and color ranging from H-J.

## **CONCLUSION**

Based on all of the foregoing facts, the circumstances surrounding those facts, and the experience and training of the officers and agents involved in the investigation leading to the seizure of the Defendant Property, there is reasonable cause to believe that the Defendant Property was furnished, or intended to be furnished, in exchange for a controlled substance, was proceeds traceable to such an exchanges of controlled substances, and had otherwise been used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq*. and, therefore, the Defendant Property is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

**WHEREFORE**, the United States of America respectfully requests:

(1) that an arrest warrant *in rem* be issued for the arrest of the Defendant Property;

(2) that all persons having any interest therein be cited to appear herein and show cause why the forfeiture should not be decreed;

(3) that a judgment be entered declaring the Defendant Property be condemned and forfeited to the United States of America for disposition in accordance with the law;

(4) that the costs of this suit be paid to and recovered by the United States of America; and

(5) that the Court grant such order and further relief as deemed just and proper.

DATED:  November 13, 2025, at Buffalo, New York.

         MICHAEL DIGIACOMO
         United States Attorney
         Western District of New York


BY: *s/Mary Clare Kane*

         MARY CLARE KANE
         Assistant U.S. Attorney
         United States Attorney's Office
         Western District of New York
         138 Delaware Avenue
         Buffalo, New York 14202
         (716) 843-5809
         mary.kane@usdoj.gov

## VERIFICATION

**STATE OF NEW YORK** )

**COUNTY OF ERIE** )   ss.:

**CITY OF BUFFALO** )


FRANK ZABAWA, being duly sworn, deposes and says:


    I am a Special Agent with the Department of Homeland Security, Buffalo, NY, and I am familiar with the facts and circumstances surrounding the seizure of the sum of approximately $12,915 in United States currency, One Rolex President Day-Date diamond wristwatch; One gold Cuban link diamond chain; and One pair gold diamond stud earrings seized from Jason Love, on or about July 8, 2025.  The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief and based upon my personal knowledge and information furnished to me by officers and agents of the Homeland Security Investigations, Homeland Security Taskforce, Niagara Frontier Transportation Authority, and Kenmore Police Department, provided to officials of the United States Department of Justice.

                                                      *s/Frank Zabawa*
                                                      Frank Zabawa
                                                      Special Agent
                                                      Department of Homeland Security
                                                      Homeland Security Investigation

Subscribed and sworn to
before me this day of
November 13, 2025.
*s/Gabriela Kick*

Notary Public
**GABRIELA KICK**
Notary Public, State of New York
Qualified in Niagara County
My Commission Expires: 09/04/2026